## WAKELEE v. DAVIS.

*(Circuit Court, S. D. New York.   January 8, 1892.)*

INJUNCTION—ACTION AT LAW—APPEAL—STAY OF PROCEEDINGS.
  The defendant in an action upon a judgment which was void for want of service was enjoined from setting up the invalidity thereof, because, while procuring a discharge in bankruptcy, he obtained substantial benefits by contending that the judgment was valid.   *Held,* that he was not entitled to a suspension of the injunction or to a stay of proceedings in that action pending an appeal from the injunction decree. since, in case of reversal, the court would so mould its judgment, should the plaintiff obtain one, in the action at law commenced by her as to allow defendant the full advantage of his defense.

In Equity. On motion by defendant to suspend the operation of an injunction granted herein (44 Fed. Rep. 532) pending appeal to the supreme court.

*Joseph H. Choate* and *Thaddeus D. Kenneson,* for the motion.

*Anson Maltby,* opposed.

COXE, J. I have read all the papers and briefs. A large portion of defendant's brief is devoted to the discussion of propositions which have, heretofore, been decided adversely to him. Debate on these questions is closed, so far as this court is concerned. The situation does not seem complicated. If the decree herein is reversed, on the merits, the complainant cannot recover at law; if affirmed, it is probable that she can recover. In view of the possibility of an affirmance she should be in a position to enforce her rights speedily. The defendant, by refusing to enter into a stipulation by which all the questions in controversy could be determined in one action, has made the suit at law necessary. There can be no reason why that suit should not progress, at least, so far that the complainant will be secure if she finally succeeds. The defendant is apprehensive lest he may lose the right to assert the invalidity of the California judgment in case the appellate court holds that he is not estopped. Of this there is no danger. The court will see that the defendant is protected. Even if the action at law should proceed to trial, judgment will be permitted only on terms which will fully guard the defendant's rights. At present there is no reason for suspending the operation of the ordinary machinery of the law. This court has held that the defendant shall not assert the invalidity of the California judgment. It would be an inconsistent if not an absurd proceeding to permit the defendant to do what it has solemnly adjudged he should not do. When the decree of this court is reversed, and not till then, can the defendant assert that the judgment "is not valid and does not still stand of record." A stay may never be necessary. When it is it will be granted, but in such a way as to protect the complainant. The defendant in asking for a suspension or even for a stay is making an extraordinary request of the court. If this unusual favor is granted now it must be on conditions. If her proceedings at law are stayed the least the complainant has a right to ask is that the defendant speed this cause or give security for the future. The orders signed are calculated, I think, to make these views operative.